## Coates's Estate.

*Trusts and trustees—Executors and administrators—Partnership —Losses—Claim to surcharge inactive trustee.*

1. Where a testator dies leaving a son, who was his partner, and a daughter executors and trustees, and the son as a liquidating partner turns over to the estate all but a certain sum which was carried along as uncollectible, the daughter, fifteen years thereafter, will not be surcharged, as surviving and inactive trustee, with such sum, especially where the court finds as a fact that the assets were uncollectible.

2. Under such circumstances, the inactive trustee should not be charged, where the assets in the inventory are doubtful, unless there was negligence on her part in failing to collect.

3. In such case, it is immaterial that the books of the partnership had been destroyed years after testator's death by a confidential bookkeeper without any purpose to injure and defraud and without any loss to the estate by their destruction.

Argued January 18, 1922. Appeal, No. 248, Jan. T., 1922, by Edwin A. Landell, Jr., from decree of O. C. Phila. Co., Oct. T., 1888, No. 523, dismissing exceptions to adjudication, in estate of Abraham Coates, deceased. Before FRAZER, WALLING, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of THOMPSON, J.
The opinion of the Supreme Court states the facts.
Exceptions dismissed in opinion by GUMMEY, J.
Edwin A. Landell, Jr., appealed.

*Error assigned,* inter alia, was decree, quoting it.

*W. B. Saul,* of *Saul, Ewing, Remick & Saul,* for appellant.

*J. K. Loughlin,* of *Loughlin & Woolford,* for appellee.

PER CURIAM, March 6, 1922:

Abraham Coates died testate November 2, 1887. At the time of his death he was engaged in the tanning business and also as an importer of goat skins, with his son James S. Coates, under the firm name of Keen & Coates. His interest in the importing business, the one with which we are concerned here, was appraised at $94,-051.53 its book value at the time. His son, as surviving partner and also as executor and trustee under the will, liquidated the business of the firm and, as collections were made, filed accounts in the orphans' court and turned over the proceeds realized to those entitled to receive them. The fourth account, filed in 1893, showed an uncollected balance of $30,244.21. Nothing has been received on account of this balance since 1893. Five accounts were filed in the orphans' court, the last in 1918. In that account the executrix, an aunt of appellant, asked that the amount of $30,244.21 be charged off as uncollectable. This request was joined in by all parties in interest except appellant, a grandson of testator, who would be entitled to receive one-twentieth of the amount if collected. The lower court, after full consideration, was of the opinion the balance shown was uncollectible and charged it off. From that action appellant appealed claiming the executrix should be surcharged with the amount because of the destruction of the firm's books in 1915.

Appellant's contention is that the burden was on accountant to show why the items included in the $30,-244.21, charged in the inventory, had not been collected, particularly in view of the fact that the firm books had been destroyed. The books were not destroyed by the surviving trustee, the accountant, but by a confidential bookkeeper in the employ of the firm for many years. We find no indication that such action was taken with a purpose to injure or defraud, or that appellant suffered loss by reason of their destruction. Further, it appeared that accountant was the surviving and inactive trustee.

The affairs of the partnership having been practically closed out in 1893 and unsuccessful efforts having been made in the meantime to collect the amount in dispute, that sum was carried from one account to another, by advice of counsel, with the expectation that at least some portion of it might be collected. Under such circumstances the inactive trustee should not be charged, where the assets in the inventory are doubtful, unless it appears there was negligence on her part in failing to collect. This does not appear. After considering the question raised and hearing testimony of the parties, the court below concludes its opinion in the following language: "I refuse [the surcharge] because I am satisfied from the testimony of [the accountant], the various papers submitted, the letter of Mr. Crawford [attorney for the estate] of December 5, 1905, the interviews of the present exceptant with Mr. Duncan [the bookkeeper] in his lifetime, that not only was it a fact that all the assets (except the Keen account) of decedent's interest in the importing and goat skin business have been collected, but that all parties in interest knew of that fact, and I therefore refuse Mr. Landell's request that the present accountant be surcharged with the sum of $30,244.21, and direct that the said sum be charged off as uncollectible, except in so far as future collections may be had on the Keen account." We are of opinion the amount stricken off is clearly uncollectable and the lower court was not in error in making its order to that effect.

Decree affirmed at costs of appellant.